AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

United States District Court
District of Connecticut
FILED AT NEW HAVEN

February 25_____, 20 25

By___ S. Santos_____
Deputy Clerk

|  |  |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>One Black LG X-Charge Model LG-SP320, Serial<br>Number 807VTQS0614876 | )<br>)<br>)<br>)<br>)<br>) |

Case No. 3:25-mj-_ 161____(MEG)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A, which is incorporated herein by reference.

located in the _____ District of _____ Connecticut _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252A(a)(2),<br>2252A(a)(5)(B) | receipt of child pornography; possession of child pornography |

The application is based on these facts:

See attached Affidavit of Leonardo J. Soto, dated February 13, 2025, which is incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Leonardo J Soto  Digitally signed by Leonardo J Soto
Date: 2025.02.13 09:41:32 -05'00'

*Applicant's signature*

HSI Task Force Officer Leonardo J. Soto

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ Teams video conference _____ *(specify reliable electronic means)*.

Date: ___ 02/25/2025 ___

Maria E. Garcia  Digitally signed by Maria E. Garcia
Date: 2025.02.25 16:30:50 -05'00'

*Judge's signature*

City and state:  New Haven, Connecticut

Hon. Maria E. Garcia, U.S. Magistrate Judge

*Printed name and title*

## <u>ATTACHMENT A</u>

### Property to Be Searched

The property to be searched is a black LG X-Charge Model LG-SP320, Serial Number 807VTQS0614876, which is presently in the custody of the United States Department of Homeland Security, Homeland Security Investigations, at 150 Court Street, Suite 650, New Haven, Connecticut 06510.



# ATTACHMENT B

## Particular Things to be Seized

All records and information on the TARGET PHONE, as described in Attachment A, that relate to violations of 18 U.S.C. §§ 2252A(a)(2) (receipt and/or distribution of child pornography) and 2252A(a)(5)(B) (possession of child pornography) (together, the "TARGET OFFENSES"), for the time period from January 4, 2021, to the date this warrant is executed, including, but not limited to, the following:

1.  Any photographs, images, videos, and other items, in any format, depicting child pornography, as defined in 18 U.S.C. § 2256, including any associated metadata and/or EXIF information;

2.  Records of internet activity, including logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses related to the TARGET OFFENSES;

3.  All notes, documents, records, correspondence, and materials, in any format and media (including, but not limited to e-mail, text messages, and online messaging), pertaining to the TARGET OFFENSES;

4.  Evidence of who used, accessed, owned, or controlled the TARGET PHONE, such as, but not limited to, logs, registry entries, configuration files, saved usernames and passwords, browsing history, user profiles, email, email contacts, photographs, and correspondence;

5.  Evidence indicating how and when the TARGET PHONE was accessed or used, including the geographic location of the device when it was accessed or used;

6.  Records of or information about internet protocol addresses used by the TARGET PHONE;

7.  Records and information concerning online storage or other remote computer storage, including, but not limited to, applications used to access such online storage or remote computer storage and user logs or archived data that show connection to such online storage or remote computer storage;

8.  Evidence of the TARGET PHONE's attachment to other storage devices;

9.  Information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of TARGET PHONE or that aid in the identification of persons involved in violations of the TARGET OFFENSES;

10. Evidence of software that would allow others to control the TARGET PHONE,

such as malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software and evidence of the lack of such malicious software;

11.    Evidence of counter-forensic programs;

12.    Passwords, encryption keys, and other access information that may be necessary to access the TARGET PHONE; and

13.    Contextual information necessary to understand the evidence described in this attachment.